IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUNDREA E. MATHIS § | | |
|    TDCJ-CID #583934 § | | |
| § | | |
| VS. § | | C.A. NO. C-05-523 |
| § | | |
| WARDEN STEVENSON, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN DEFENDANTS AND TO RETAIN CASE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court

retain on its docket plaintiff's failure to protect claim against Warden Eileen Kennedy. It is also respectfully recommended that plaintiff's failure to protect claims against the remaining defendants be dismissed for failure to state a claim and as frivolous. 28 U.S.C. § 1915A.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Coffield Unit in Beeville, Texas, although his complaint concerns events that occurred while he was incarcerated at the McConnell Unit in Beeville, Texas. In his original complaint, plaintiff named as defendants three McConnell Unit wardens: Warden Stevenson; Warden Kennedy; and Warden Castillo.[1] At the November 18, 2005 Spears[2] hearing, however, plaintiff stated that he had mistakenly named Warden Stevenson as a defendant, where he had intended to name Warden Massey. The following allegations were made against the individual defendants in plaintiff's original

---

[1] Warden Castillo is now employed at the Coffield Unit.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

complaint, (D.E. 1), or at the evidentiary hearing:

Plaintiff is African-American and "rides solo," not identifying with any one ethnic or racial group, nor is he a member of a prison gang. Starting in September 2004, plaintiff began feeling "uncomfortable" because he learned that certain Crip gang members were angry at him for lifting weights and working out with Caucasian prisoners. Plaintiff filed a Life in Danger ("LID") complaint. At his classification hearing, Warden Kennedy was present, but neither Warden Massey nor Warden Castillo were present. Following that hearing, plaintiff was assigned a new job and moved from H pod to I pod; however, on I pod, the tensions were worse. Plaintiff filed several I-60 forms requesting to be transferred off the Unit, but Warden Kennedy denied these requests. Plaintiff never requested protective custody.

On March 19, 2005, at approximately three to four in the morning, plaintiff was walking to the dining hall when he was jumped and assaulted by an inmate named Hamilton, who had a knife. Plaintiff was stabbed in the back and on the head. He was treated at the infirmary following the assault.

Plaintiff testified that Hamilton is serving a life sentence and that state policy prohibits inmates with sentences of fifty years or greater to be housed with inmates with shorter sentences because these inmates have "nothing left to lose," and

therefore, cause more trouble. Plaintiff claims that Warden Massey and Warden Castillo were aware that prisoners with life sentences were being housed with prisoners with shorter sentences, but they did nothing to correct the problem.

Plaintiff testified that six months before the attack, he talked to Warden Kennedy about his fears and filed the LID, but the LID resulted only in a job change. Plaintiff attempted to contact Warden Massey, but Warden Kennedy always intervened.

Plaintiff is seeking unspecified damages against defendants.

### III. **DISCUSSION**

It is well established that, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id.

**A.      Claim Against Warden Stevenson And Amendment Of Complaint.**

At the <u>Spears</u> hearing, plaintiff testified that he had no claim against Warden Stevenson and moved to voluntarily dismiss Warden Stevenson as a defendant. He also moved to amend his complaint to add Warden Massey as a defendant.

Rule 41(a) of the Federal Rules of Civil Procedure authorizes a plaintiff to voluntarily dismiss an action or claims prior to service. It is respectfully recommended that plaintiff's motion to voluntarily dismiss Warden Stevenson be granted, and that plaintiff's claim against Warden Stevenson be dismissed.

Rule 15(a) of the Federal Rules of Civil Procedure specifically authorizes a party to amend the party's pleading "once as a matter of course at any time before a responsive pleading is served...." In this case, service has not yet been ordered on defendants, and no responsive pleading has been filed. As such, it is respectfully recommended that plaintiff's complaint be amended to add Warden Massey as a defendant.

**B.      Failure To Protect Claim.**

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. <u>Cantu v. Jones</u>, 293 F.3d 839, 844 (5th Cir. 2002) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of

5

serious harm and disregards that risk by failing to take reasonable measures to abate it.  Id. (citing Farmer, 511 at 847).  Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (citation omitted).

In addition, to state a cause of action pursuant to § 1983, "plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."  Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995) (per curiam); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  A supervisory official may not be held liable under § 1983 based on a theory of *respondeat superior* or vicarious liability.  Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981) (citations omitted).  A supervisory defendant must be either personally involved in the incidents underlying the claim, "or there must be a causal connection between an act of the [supervisor] and the constitutional violation sought to be redressed."  Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir. 1985) (citations omitted); see also Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986) (usually a failure to supervise imposes § 1983 liability only where there is a history of widespread deprivations).

Here, as to defendants Warden Massey and Warden Castillo, it is respectfully recommended that plaintiff fails to allege any facts evidencing personal involvement. Neither of these defendants were present at his LID hearing. Plaintiff admitted that he had never talked with either of these defendants directly and that Warden Kennedy always intervened. Plaintiff fails to establish that Warden Massey or Warden Castillo were aware of a substantial risk of harm to plaintiff, let alone that they ignored the risk. Thus, it is respectfully recommended that plaintiff's claims against Warden Massey and Warden Castillo be dismissed for failure to state a claim.

As to Warden Kennedy, it is respectfully recommended that plaintiff has stated a failure to protect claim. He claims that six months prior to the attack, he began filing I-60 forms, requesting a transfer, and that she reviewed those requests. Warden Kennedy was present at his LID hearing. Plaintiff spoke directly to Warden Kennedy about his fears. He has alleged facts which indicate that she knew that he faced a substantial risk of serious harm and disregarded that risk. It is respectfully recommended that the Court retain plaintiff's failure to protect claim against Warden Kennedy.

## IV.  **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that the Court dismiss plaintiff's claim against Warden Stevenson based upon plaintiff's own motion.  It is respectfully recommended that plaintiff's claims against Warden Massey and Warden Castillo be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A.  It is respectfully recommended that plaintiff's failure to protect claim against Warden Kennedy be retained, and that service be ordered on this defendant.

Respectfully submitted this 22nd day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).