IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUNDREA E. MATHIS, SR. | § | |
|     TDCJ NO. 583934 | § | |
| | § | |
| v. | § | C.A. NO. C-05-523 |
| | § | |
| WARDEN STEVENSON, ET AL. | § | |
|     Defendant. | § | |

## ORDER ON PENDING MOTIONS

Pending is plaintiff's motion for an extension of time to file objections to the memorandum and recommendation (D.E. 27) and his "motion of objection" to the memorandum and recommendation. (D.E. 31). Plaintiff's motion for an extension of time to file objections (D.E. 27) is GRANTED. For the reasons stated herein, his objection to the recommendation is denied as moot as the recommendation was not adopted. To the extent his objection is construed as a Rule 60(b) motion for relief from judgment, it is denied.

## I. Background

On January 25, 2007, the magistrate judge entered a Memorandum and Recommendation concerning defendant Eileen Kennedy's motion for summary judgment. (D.E. 24). On February 1, 2007, the Court entered an order declining to adopt the recommendation, instead substituting its own judgment, granting defendant Kennedy's motion for summary judgment and dismissing with prejudice plaintiff's claims for failure to protect. (D.E. 25, 26).

On February 15, 2007, plaintiff filed a motion for extension of time to file objections to the recommendation, stating that he had not received a copy of the recommendation until February 9, 2007. (See D.E. 27 at 1).  On March 5, 2007, plaintiff filed an objection to the Memorandum and Recommendation.  (D.E. 31).  In this pleading, plaintiff stated that, due to matters beyond his control, he was unable to file a response to defendant's summary judgment motion.  He also argued that he had inadequate time to file objections to the recommendation before the Court entered its own order declining to adopt the recommendation.

## II.  Discussion

### A.   Objections to the Recommendation.

Plaintiff claims that he had inadequate time to file objections to the recommendation.  However, even if true, plaintiff has not been prejudiced by the ten-day deadline for filing objections to the Memorandum and Recommendation.  First, he sought and was granted, (in this order), an extension of time.  Second, the Court declined to adopt the Memorandum and Recommendation of the magistrate judge.  Indeed, the Court specifically entered its own decision granting defendant's summary judgment motion.  (See D.E. 25).  Thus, there was no reason to file objections to the Memorandum and Recommendation.  Accordingly, to the extent plaintiff's "motion of objection" (D.E. 31) is directed at the Memorandum and Recommendation, it is denied as moot.

-2-

**B.    Objections to final judgment.**

The Court entered its order granting defendant's motion for summary judgment and final judgment on February 1, 2007. (D.E. 25, 26) On March 5, 2007, plaintiff filed his objections to the memorandum and recommendation. (D.E. 31). Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. <u>Days v. Johnson</u>, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); <u>Bass v. Department of Agriculture</u>, 211 F.3d 959, 962 (5th Cir. 2000); <u>Fletcher v. Apfel</u>, 210 F.3d 510, 511 (5th Cir. 2000).  Plaintiff's objections do not fall within the time restraints of Rule 59(e), therefore, his objections must be examined under Rule 60(b).

Fed. R. Civ. P. Rule 60(b) sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction, discharge or release of the judgment.   Fed. R. Civ. P. 60(b)(1)-(5).   In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five

enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for reasons (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

In his objection (D.E. 31), plaintiff argues that summary judgment was improper because his brother filed a life in danger ("LID")claim prior to his being attacked by another inmate, such that Eileen Kennedy was aware of a risk to his health and safety, yet she ignored that risk in deliberate indifference to his health and safety. However, as discussed in detail in the order granting defendant's motion for summary judgment, plaintiff signed a waiver concerning the LID claim filed by his brother. In addition, plaintiff did not appeal the Unit Classification Committee's denial of a unit transfer. In fact, from August 10, 2004, until the day he was assaulted, March 19, 2005, plaintiff did not complain to any prison official, let alone defendant Kennedy, that he feared for his safety. Moreover, there was no evidence that he ever communicated directly to Warden Kennedy concerning his safety.

Plaintiff's objection is merely a disagreement with the Court's decision. He does not claim that he is entitled to relief

-4-

based on mistake, inadvertence, surprise or excusable neglect under subsection (1), Fed. R. Civ. P. 60(b)(1), nor does he argue that there exists any newly discovered evidence that might justify a new trial under subsection (2), Fed. R. Civ. P. 60(b)(2). He has not alleged fraud under subsection (3), Fed. R. Civ. P. 60(b)(3), nor that the judgment is void based on lack of jurisdiction or denial of due process so as to justify relief under subsection (4). Fed. R. Civ. P. 60(b)(4). <u>See</u> <u>Carter v. Fenner</u>, 136 F.3d 1000, 1006 (5th Cir. 1998)(judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law). He does not in any way rely on subsection (5) to support his motion for relief from judgment, Fed. R. Civ. P. 60(b)(5).

Similarly, plaintiff fails to establish that he is entitled to relief under the "any other reason" clause. Fed. R. Civ. P. 60(b)(6). Plaintiff points to no "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). Accordingly, plaintiff's "motion for objection," construed as a Rule 60(b) motion for relief from judgment, is in all things denied.

SIGNED this the 23rd day of March, 2007.


_____
Janis Graham Jack
United States District Judge